UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROY O. BALL and NORMAN W. BERNSTEIN, As Trustees On Behalf Of ENVIRONMENTAL CONSERVATION AND CHEMICAL CORPORATION SITE TRUST FUND, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VERSAR, INC., | ) ) | |
| Defendant, Counterclaimant, and Third Party Plaintiff, | ) ) ) | CAUSE NO.  IP 01-0531-C H/K |
| v. | ) ) | |
| ENVIRONMENTAL RESOURCES MANAGEMENT, INC. and RADIAN INTERNATIONAL, LLC | ) ) ) ) | |
| Third Party Defendants. | ) | |

**ENTRY ON DEFENDANT'S FOURTH MOTION TO COMPEL**

**I.     Introduction**.

The parties' course of discovery has led them to this Court for a fourth time on Defendant Versar, Inc.'s motion to compel and request for sanctions.  Aided by three prior Court interventions, the scope of this dispute has distilled into two distinct categories: e-mails received or drafted by Plaintiff Roy Ball and communications between the Trustees, their employers, and associates of N.W. Bernstein.

Between 1996 and 2004, Ball used computers provided by his employer, Environ, as well as possibly a home computer to transmit and receive e-mail related to the Trust.  Environ retains e-mail messages on its server for a thirty-day period before the messages are automatically

deleted. On January 18, 2002, Versar served its first set of discovery, including requests for such e-mail. Bernstein saved his e-mail, but Ball did not until counsel advised him to do so in September 2004. The Trustees maintain that Bernstein's production of e-mail satisfies their discovery obligation. Although a sizable number of these e-mails were copied to Bernstein, some were not. Thus, Versar contends that the Trustees have failed to preserve discoverable information.

Additionally, between 1996 and 2001, Bernstein and his law firm's associates drafted a number of documents that Versar contends it is entitled to discover. The Trustees argue that these documents are either attorney-client privileged or confidential Trust financial information. Versar asserts that the Trustees have made no such showing. Versar claims that the Trustees' treatment of e-mail and failure to produce the documents drafted by Bernstein and his associates warrant sanctions up to and including dismissal.

## II. Procedural Background.

Versar filed its first motion to compel on July 12, 2002. [Docket No. 101]. On September 6, 2002, Judge Hamilton ordered the Trustees to produce "all 'data documents' regardless of date and all other responsive documents as far back as 1996." [Docket No. 112, pp. 28-29]. Ruling favorably on Versar's motion to reconsider, Judge Hamilton amended his discovery ruling and ordered the Trustees to produce "all documents dating back to 1987 (the year of the EPA's first Record of Decision relating to the site) that refer to ground water contamination, or the possibility of ground water contamination at the site." [Docket No. 147, p. 21].

On March 24, 2004, Versar filed its second motion to compel. [Docket No. 180]. The

Court granted Versar partial relief and ordered the Trustees to: (1) produce unredacted Trustees' Reports (with the exception of financial information); (2) fully comply with Judge Hamilton's earlier order and produce to Versar all documents dating back to 1987 that refer -- or relate -- to ground water contamination or the possibility of ground water contamination at the site; (3) produce all notes, emails and drafts of reports submitted to the EPA; and (4) serve privilege logs for those documents produced after the Trustees' initial production within thirty days. [Docket No. 200].  The Court denied Versar's fee request.

On June 29, 2005, Versar filed a fourth[1] motion to compel discovery relating to its initial discovery requests served on January 18, 2002.  For the reasons identified below, Versar's motion is GRANTED in part and DENIED in part, and the issue of fees and costs remains under advisement.

**III.    Discussion**.

Versar seeks production of e-mails and other documents it contends the Trustees are improperly withholding.  [Docket No. 244, ¶ 7].  It further seeks access to Ball's personal and employer-owned computers.  [Docket No. 244, ¶ 7].  Lastly, Versar requests that this Court sanction the Trustees for withholding and failing to retain discoverable electronic evidence. [Docket No. 244, ¶ 8].  The Trustees assert that Versar is not entitled to relief because they have produced all discoverable information and acted in good faith.  [Docket No. 257].

In general, Fed. R. Civ. P. 26(b)(1) provides a party wide latitude in the discovery of information that is not privileged.  The ability to sanction a party for thwarting the mandate of

---

[1] On October 8, 2004, Defendant filed a third motion to compel but withdrew that motion in reliance on representations made by Plaintiffs on January 20, 2005.  [Docket Nos. 207, 232].

Rule 26 falls squarely within the discretion of the district court, which "is in the best position to....settle any discovery disputes" that arise in litigation. Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996); see also Patterson v. Coca Cola Bottling Company Cairo-Sikeston, Inc., 852 F.2d 280, 283 (7th Cir. 1988). A party may avoid sanctions if it can demonstrate substantial justification for a discovery violation or the court finds that the violation in the absence of any substantial justification was harmless. Musser v. Gentiva Health Services, 356 F.3d 751, 755 (7th Cir. 2004).

    **A.**    **Compliance with Rule 26.**

        **1.**    **Electronic Data.**

Versar contends that the Trustees did not comply with their Rule 26 duty to preserve and produce Ball's e-mails. Versar argues further that the Trustees' actions constitute evidence spoliation and entitle it to monetary compensation associated with the instant motion and additional sanctions ranging from dismissal of the Trustees' claims, an exclusion of their evidence, or an adverse inference instruction. In requesting such, Versar relies on Zubulake v. UBS Warburg, LLC, 2004 WL 1620866 (S.D.N.Y. 2004).

The Trustees acknowledge that Ball did not produce the e-mails requested by Versar. [Docket No. 257, p. 7]. They contend, however, that sanctions should be denied because they acted in good faith, Bernstein's production of e-mail satisfies their burden, and, incredibly, that Ball was never advised to retain his e-mails. [Docket No. 257, p. 7]. The Trustees point out that Bernstein retained and produced all e-mails he sent or received, which they theorize included all discoverable e-mails to and from Ball. [Docket No. 257, p. 7]. Thus, the Trustees implicitly

argue that Zubulake is inapplicable because the central issue in that case concerned instances where a party failed to preserve or retain relevant evidence.

It is well settled that a party has an obligation to retain discoverable evidence once a party reasonably anticipates litigation. Wiginton v. CB Richard Ellis, Inc., 2003 WL 22439865, at 7 (N.D. Ill. Oct. 27, 2003); see also Zubulake v. UBS Warburg, LLC, 2004 WL 1620866, at 7-8 (S.D.N.Y. July 20, 2004). Based on the totality of information, the Court finds that, at the very least, the Trustees failed to retain and produce Ball's e-mails as required pursuant to the rules of discovery. A case could be made that the Trustees' obligation commenced as early as November of 2000 when they issued a default notice to Versar, and shortly after which Versar threatened to sue the Trustees for breach of contract. Nevertheless, both sides agree that an obligation existed by April 19, 2001 when the Trustees filed the instant action. [Docket No. 257, pp. 4-5; Docket No. 261, pp. 4, 8]. Yet, Ball continued to delete potentially relevant e-mails until counsel finally advised him to retain such e-mails sometime in September 2004. [Docket No. 257, Ex. 2, ¶ 11]. The Trustees articulate no justification -- much less a substantial justification -- for why this advice came so late.

The Trustees' reliance on Bernstein's production falls short of fulfilling their discovery obligation under Rule 26. Versar has proffered convincing evidence that Ball authored and/or received at least one e-mail on technical issues that was not copied to Bernstein. [Docket No. 261, p. 6, Exhibit 2]. While Bernstein retained and produced his e-mail, the Trustees cannot affirm with appropriate certainty that Ball did in fact copy Bernstein with all of his discoverable e-mail and that Bernstein retained those messages. In fact, Bernstein was not aware of his obligation to retain relevant e-mails until sometime in 2004. Counsel's failure to advise Ball to

retain his e-mail does not exonerate the Trustees for this discovery violation.  Rather, it is compelling evidence supporting the instance of a discovery violation.

Thus, the Court grants Versar's motion to compel production of information pertaining to the use and purchase of Ball's work and home computers.  The Trustees shall provide Versar access to all work and home computer systems known to have been used by Ball from 1996 to September 2004 for inspection and analysis by Versar's technical consultant within thirty days of this order.

**2.    Trustee Reports**.

Versar additionally contends that the Trustees continue to withhold discoverable information regarding communications between the Trustees, Ball's employer Environ, and associates working for Bernstein's law firm N.W. Bernstein & Associates.  [Docket No. 245, p. 7, and Exhibit F].  As held previously, the Trust's confidential financial documents are not discoverable.  [Docket No. 200, p. 4].  Consequently, Versar's motion is denied with respect to those documents.[2]  With respect to all other documents, it appears that the Trustees continue to withhold information that has previously been held discoverable by this Court.

The Trustees contend that none of the documents authored or received by attorneys who worked for N.W. Bernstein & Associates are discoverable because they are either work product or attorney-client privileged.  As previously addressed by this Court, however, the Trustees do not sustain their burden of showing that the Trust engaged or consulted any of these lawyers for the purpose of obtaining legal advice.  Equally significant to the Court's analysis, Versar

---

[2] Based on the information available to the Court, the documents designated: "A", 1, 11, 15, 56-63, 67, 69, 70, 75, 76, 86, 87, 88, 90, 93, and 100 appear to be financial trust information that is not discoverable.

provides credible evidence that Bernstein and his firm's associates drafted or received the documents in question in their capacity as Trustee or agents of Bernstein. [Docket No. 261, pp. 10-14]. Accordingly, Versar remains entitled to discover these documents and the Trustees shall produce the following documents within thirty days of entry of this order: "B", "C", 2, 3, 19, 31, 95, 96, 104, 105, 106, and 107.

**B.     Appropriate Sanctions**.

Federal Rule of Civil Procedure 37(b) provides a court a wide panoply of sanctions, including dismissal, to an offending party who "fails to obey an order to provide or permit discovery." Federal Rule of Civil Procedure 37(c)(1) permits "appropriate sanctions" when a party, without substantial justification, fails to make a required discovery response or supplement a prior response. Where a court determines that sanctions are necessary, "the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction." Salgado v. General Motors Corporation, 150 F.3d 735, 740 (7th Cir. 1998).

Rule 37 sanctions are appropriate where a party displays willfulness, bad faith or fault. Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997) (citing Phillips Med. Sys. Int'l, B.V. v. Bruetman, 982 F.2d 211, 214 (7th Cir. 1992)). Fault pertains to "'the reasonableness of the conduct -- or lack thereof -- which eventually culminated in the violation.'" Langley, 107 F.3d at 514 (quoting Marrocco v. General Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992)). In this context, the Trustees and/or their counsel are at fault for failing to produce discoverable information requested by Versar.

In determining what sanction is appropriate, the Court notes that this discovery dispute has spilled three years past the time Versar initially served its requests, and that the Trustees failed to adequately retain and produce potentially relevant information. The Court is also mindful that insufficient information exists to determine whether discoverable and potentially relevant information has been irretrievably destroyed. Bernstein did preserve and produce a wealth of e-mails. Further, the Trustees have not appeared to conduct themselves in bad faith nor has Versar demonstrated any realized prejudice to its overall ability to defend itself at trial. Thus, the Court finds Zubulake inapplicable and dismissal, exclusion of evidence, or an adverse inference instruction too severe. See also Mosaid Technologies Incorporated v. Samsung Electronics Co., LTD., 348 F. Supp. 2d 332, 335 (D.N.J. Dec. 7, 2004) (because "dismissal or suppression of evidence are the two most drastic sanctions...they should only be imposed in the most extraordinary of circumstances").

Nevertheless, Versar has been prejudiced by the Trustees' discovery withholdings. At the very least, it has conducted depositions without the benefit of these documents. At worst, relevant information has been potentially lost. Moreover, it is particularly troubling that this discovery shortfall is in direct contravention of the Court's June 2004 order. Under these circumstances, the Court finds that it may be appropriate to award reasonable fees and expenses associated with this motion pursuant to Fed. R. Civ. P. 37(a)(4)(A).

Accordingly, Versar's motion for sanctions is granted in part and denied in part. For the reasons articulated above, the Court denies Versar's motion to the extent it seeks a dismissal or the alternative lesser sanctions of evidence preclusion or an adverse inference instruction. Versar's motion remains under advisement, to the extent it seeks attorney's fees and costs. The

Court orders each party by counsel to confer in good faith to attempt to reach an agreement on these fees and costs without further intervention from the Court. The parties by counsel shall report to the Court in writing regarding this matter within fifteen days of this order. Should the parties fail to reach an agreement, the Court will resolve the remaining issue of fees and costs.

### IV. Conclusion.

As set forth above, Versar's motion to compel and for sanctions is GRANTED in part and DENIED in part and the issue of fees and costs remains under advisement. Specifically:

1. Versar's motion with respect to the production of e-mails and access to the work and home computers known to have been used by Ball is GRANTED. The Trustees shall produce the information requested and grant access to the work and home computers known to have been used by Ball within thirty days of this order.

2. Versar's motion regarding documents drafted by counsel with N.W. Bernstein & Associates, is GRANTED in part and DENIED in part. Versar's motion is granted with respect to documents designated "B", "C", 2, 3, 19, 31, 95, 96, 104, 105, 106, and 107. Versar's motion is denied with respect to documents designated "A", 1, 11, 15, 56-63, 67, 69, 70, 75, 76, 86, 87, 88, 90, 93, and 100.

3. Versar's motion seeking dismissal, or an adverse inference instruction or exclusion of evidence is DENIED.

4. Versar's motion seeking costs, including attorney's fees, remains under advisement.

5. Counsel shall confer in good faith in an attempt to reach an agreement on the issue of reasonable fees and costs and shall report to the Court in writing regarding this matter within fifteen days.

Date: 09/23/2005

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Alan H. Goldstein
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0002

George M Plews
Frederick D Emhardt
Plews Shadley Racher & Braun
1346 N. Delaware Street
Indianapolis, IN 46202

Thomas Barnard
Sommer Barnard Ackerson Pc
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023

Robert B Clemens
Bose McKinney & Evans
135 N Pennsylvania St  #2700
Indianapolis, IN 46204

Bruce Degrazia
Versar, Inc
6850 Versar Center
Springfield, VA 22151

David M Haskett
Locke Reynolds LLP
201 N. Illinois St., Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961

Philip L Hinerman
Fox Rothschild O'brien & Frankel
2000 Market Street - 10th Floor
Philadelphia, PA 19103-3291