UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROY O. BALL and NORMAN W. BERNSTEIN, as Trustees On Behalf Of Environmental Conservation and Chemical Corporation Site Trust Fund,<br><br>Plaintiffs,<br><br>v.<br><br>VERSAR, INC.,<br><br>Defendant.<br><br>ENVIRON INTERNATIONAL CORPORATION,<br><br>Intervenor. | Cause No. 1:01-cv-0531-DFH-TAB |

## ENTRY FOLLOWING NOVEMBER 18, 2005 HEARING

**I.     Introduction.**

On November 18, 2005, the Court held a hearing to address the following motions/issues: (1) the Trustees'[1] motion to set protocol for recovery of deleted emails [CM/ECF Docket No. 13]; (2) Environ International Corporation's motion for protective order [CM/ECF Docket No. 48]; (3) Versar, Inc.'s request for attorneys' fees arising out of this Court's prior order [CM/ECF Docket No. 3] granting in part Versar's fourth motion to compel; (4) Versar's fifth motion to compel reconvening of depositions of witnesses and production of previously compelled Trustee reports [CM/ECF Docket No. 11]; and (5) the Trustees' motion to clarify the Court's September 23, 2005 order. [CM/ECF Docket No. 7.]

---

[1] The "Trustees" refers to Plaintiffs Roy O. Ball and Norman W. Bernstein, as trustees on behalf of Environmental Conservation and Chemical Corporation Site Trust Fund.

Immediately prior to the November 18 hearing, counsel reached an agreement regarding the Trustees' motion to set protocol, Environ's motion for protective order, and Versar's request for attorneys' fees. Counsel set forth this agreement on the record. Accordingly, these motions/issues[2] are denied as moot.

With these matters out of the way, the Court then heard evidence and argument on Versar's fifth motion to compel [CM/ECF Docket No. 11] and the Trustees' motion to clarify the September 23 order. [CM/ECF Docket No. 7.] Given that the Court has previously set forth in detail the background that culminated in this ongoing dispute on multiple occasions [JAMS Docket Nos. 112, 147, and 200; CM/ECF Docket No. 3], the Court finds no utility in doing so again. For the reasons below, Versar's fifth motion to compel is granted in part and denied in part, and the Trustees' motion for clarification is granted in part and denied in part.

## II.   Discussion.

### A.   Versar's fifth motion to compel.

Versar's fifth motion to compel raises three issues: (1) whether Versar should be allowed to re-depose Mr. Carlstedt, Mr. Dowiak, Mr. Bernstein, and Mr. Hutchins; (2) whether the Trustees should be required to reimburse Versar for fees and costs associated with any additional depositions; and (3) whether the Trustees have produced Trustee reports as previously ordered.

Based on the record before the Court, including the representations made during the hearing,

---

[2] Specifically, the Trustees' motion to set protocol for recovery of deleted emails [CM/ECF Docket No. 13] and Environ's motion for protective order [CM/ECF Docket No. 48] are denied as moot. Likewise, Versar's remaining request for attorneys' fees arising out of this Court's prior order [CM/ECF Docket No. 3], which was sent to the Magistrate Judge for a Report and Recommendation [CM/ECF Docket No. 24], is also denied as moot.

Versar has not sufficiently demonstrated that the Trustees failed to produce all discoverable unredacted Trustee reports. The Trustees persuasively argued at the hearing that the only remaining issue with respect to the Trustee reports was whether the Trustees would be required to turn over unredacted copies of four Trustee reports. [Plfs.' Exs. 91-A - D.] The Trustees tendered unredacted copies of these reports to the Court at the November 18 hearing for an *in camera* review. The Court took the issue under advisement at the hearing but indicated that, based upon a limited review of the reports, they appeared to be protected from disclosure by the work product doctrine.

A more thorough post-hearing review of the documents confirms that these Trustee reports are cloaked in work product protection. *Crouse Cartage Company v. National Warehouse Investment Company*, 2003 WL 23142182, at 2 (S.D. Ind. 2003). This is consistent with the Court's informal review of Trustee reports at a January 20, 2005 discovery conference. At that conference, the Court reviewed two of the Trustee reports and advised counsel that, if asked to rule on the dispute at that time, the Court would not order the production of the unredacted Trustee reports. Although the work product doctrine is not absolute, Versar made no compelling argument at the hearing or otherwise to overcome this protection. Accordingly, Versar's motion to compel is denied as it relates to the production of additional Trustee reports.

Versar fares better with the second component of its motion -- reconvening depositions. As noted by the Court in its September 23 order, "Versar has been prejudiced by the Trustees' discovery withholdings. At the very least, it has conducted depositions without the benefit of these documents." [CM/ECF Docket No. 3, p. 8.] The Trustees oppose reconvening these depositions, downplaying the significance of their belated discovery production and asserting that Versar essentially had all the relevant information in documents already produced. [CM/ECF Docket No.

35.] The Court is not convinced. As noted above, the Trustees' discovery conduct prejudiced Versar. While some of the belated discovery may be cumulative of documents previously produced, Versar is entitled to review this information and decide for itself whether the additional discovery necessitates reconvening these depositions.

Thus, Versar's motion to compel is granted to the extent that Versar shall be permitted to redepose Carlstedt, Dowiak, Bernstein, and Hutchins. However, any such additional deposition inquiries shall be limited to the subject matter pertaining to the belatedly produced documents. Versar's motion to compel is denied to the extent Versar requests that the Trustees pay for the costs and fees associated with any additional deposition testimony. Although the Court has permitted additional deposition testimony, the Court notes that these individuals have been deposed at length, and the value of additional deposition testimony may be legitimately questioned. Moreover, the deponents reside in California, New York, and points in between, and Versar acknowledged at the hearing that it might be possible to conduct depositions telephonically. Accordingly, Versar's motion to compel is denied to the extent it seeks any relief other than permitting these depositions to proceed at Versar's option.

**B.**     **Trustees' motion for clarification of the Court's September 23 order.**

On October 7, the Trustees filed a motion seeking clarification of the Court's September 23 order. [CM/ECF Docket No. 7.] The Trustees seek clarification in two respects. First, the Trustees ask the Court "to make it clear that the Order is without prejudice to the Trustee's [sic] position on the applicability of the attorney-client privilege or the work-product doctrine to any documents other than those specifically identified in the Order..." Second, the Trustees ask the Court "to make it clear that the Order should not be construed as holding that the Trustees have violated any prior order of this Court as to the production of documents." [*Id*. at p. 1.] Versar opposes this motion.

[CM/ECF Docket No. 12].

As to the first proposed clarification, it is axiomatic that the Court can only rule on the matters before it for resolution. Thus, the Trustees are inherently correct that the order at issue was necessarily without prejudice to the Trustees' position on the applicability of the attorney-client privilege or the work-product doctrine to any documents other than those specifically identified in the order. Thus, the motion to clarify is granted in this respect.

As to the second proposed clarification, the Trustees used the November 18 hearing as an opportunity to clarify that they produced all Trustee reports as required. To the extent that the Trustees read the September 23, 2005 order to state or imply that Trustee reports were not produced appropriately, the Trustees have shown otherwise. However, the September 23 order dealt not only with Trustee reports, but also with emails. For example, the September 23 order states, "The Trustees acknowledge that Ball did not produce the e-mails requested by Versar." [CM/ECF Docket No. 3, p. 4]. The Court also stated, "Based on the totality of the information, the Court finds that, at the very least, the Trustees failed to retain and produce Ball's e-mails as required pursuant to the rules of discovery." *Id*. at 5. Thus, the Court's reference in the September 23 order to the Trustees' "discovery shortfall" requires no further clarification.

**III.    Conclusion.**

For the above-stated reasons, the Trustees' motion to set protocol for recovery of deleted emails [CM/ECF Docket No. 13] and Environ's motion for protective order [CM/ECF Docket No. 48] are denied as moot. Likewise, the Versar's remaining request for attorneys' fees arising out of this Court's prior order [CM/ECF Docket No. 3], which was sent to the Magistrate Judge for a Report and Recommendation [CM/ECF Docket No. 24], is also denied as moot. Versar's fifth motion to compel [CM/ECF Docket No. 11] is granted in part and denied in part, and the

5

Trustees' motion for clarification [CM/ECF Docket No. 7] is granted in part and denied in part.

Dated:  November 23, 2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Alan H. Goldstein
ICE MILLER
goldstei@icemiller.com

Curtis W. McCauley
ICE MILLER
mccauley@icemiller.com

Philip L. Hinerman
FOX ROTHSCHILD, LLP
phinerman@foxrothschild.com

Sharon Oras Morgan
FOX ROTHSCHILD, LLP
smorgan@foxrothschild.com

David Haskett
LOCKE REYNOLDS, LLP
dhaskett@locke.com

Dean Brackenridge
LOCKE REYNOLDS, LLP
dbrackenridge@locke.com