IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROY O. BALL and <br> NORMAN W. BERNSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> VERSAR, INC., <br><br> Defendant, Counterclaimant, <br> And Third Party Plaintiff, <br><br> v. <br><br> ENVIRONMENTAL RESOURCES <br> MANAGEMENT, INC. and <br> RADIAN INTERNATIONAL, LLC, <br><br> Third Party Defendants. | CASE NO. IP01-C-0531-H/K |

## RESPONSE OF DEFENDANT, VERSAR, INC. TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERT WITNESSES

Defendant, Versar, Inc. ("Versar"), by counsel, submits this Memorandum of Law in Opposition to Trustees' Motion in Limine to Exclude Testimony of Versar's Expert Witnesses. Trustees' Motion is uncompelling for several reasons, not the least of which is the fact that Plaintiff lacks an expert qualified to attack many of the opinions of Versar's experts. Moreover, the motion is lacking because it was not written to exclude the testimony of any expert. Rather, it is an ill conceived attempt to supplement the expert opinion of Plaintiffs' sole expert, Gabriel Sabadell. Concurrent with this opposition, Versar has filed a Motion to Strike the Affidavits of Sabadell. That Motion more fully discusses the inappropriateness of Dr. Sabadell's new expert opinion.

# I.  INTRODUCTION

Versar retained two expert witnesses to assist in the defense of this matter.  The two witnesses offer insights into environmental conditions at the Environmental Conservation and Chemical Corporation Site ("ECC Site").

David Perry, of American Geosciences, Inc., is a geologist with more than twenty years of experience in remedial activities at sites.  He has extensive experience with sites using soil vapor extraction ("SVE"), the very remedy which was constructed at the ECC Site and in evaluating the geology of sites subject to remediation.  Val Britton, a hydrogeologist, focuses primarily on hydrogeologic characterizations and assessments, with associated computer groundwater modeling simulations.  Mr. Britton's expert report contains graphic depictions of geologic conditions at the ECC Site.  Versar's retention of both experts has resulted in the production of qualified expert opinions on both SVE technology and site remediation, and hydrogeology modeling to assist the court in its consideration.

In contrast, Plaintiffs have chosen to employ one expert witness, Dr. Gabriel Sabadell. Dr. Sabadell is a hydrologist, not a hydrogeologist such as Mr. Britton.  There is a fundamental difference between the two areas of practice. As set forth in EPA's *Terms of Environment: Glossary, Abbreviations, and Acronyms (Revised December 1997); Office of Communications, Education, and Media Relations:* "Hydrology is the science of dealing with the properties, distribution, and circulation of water.  Hydrogeology is the geology of ground water, with particular emphasis on the chemistry and movement of water."

Dr. Sabadell, in his deposition, portions of which are attached as Exhibit "A",  recognized the substantive differences between the two terms.

> Q. Is there a difference between a hydrologist and a hydrogeologist?

> A. In my opinion, yes.
>
> Q. Okay, are you either one of those?
>
> A. I'm a groundwater hydrologist.
>
> Q. And what is the difference?
>
> A. I do not have a geology background and studies that a hydrogeologist would have.
>
> Q. Is hydrogeology a subspecialty of groundwater hydrology?
>
> A. Hydrogeology I believe is typically from a geology program as opposed to an engineering program.
>
> Q. So it's a different --
>
> A. Discipline.

(Deposition of Gabriel P. Sabadell, pp. 42-43, Exhibit A).

In spite of the fact that Dr. Sabadell does not have the geologic background and experience of Mr. Perry, nor does he have the background or benefit of studies of a hydrogeologist as does Mr. Britton, he is not discouraged from offering an opinion about geological formations at the ECC Site and the purported errors in the opinions of a geologist and hydrogeologist. In fact, those opinions he attacks are largely anchored in hydrogeologic conditions at the ECC Site.

## II. ARGUMENT

### A. The Appropriate Standard To Judge Versar's Experts

Plaintiffs are faced with a difficult burden in attempting to exclude testimony of Versar's experts. Motions in limine are disfavored. Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. See Hawthorne Partners v. AT&T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and

3

prejudice to be resolved in context." Liquid Dynamics Corp. v. Vaughan Company, Inc., Case No. 01-C-6934, 2004 WL 2260626 (N.D.Ill., Oct. 1, 2004).  "Denial of a motion in limine does not indicate evidence contemplated by the motion will be admitted at trial.  Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial." United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989).[1]

Plaintiffs' Motion is based upon new information set forth in the supporting Affidavits of Plaintiffs' Expert Gabriel P. Sabadell attached to the Plaintiffs' Memorandum.  The Exhibit 3 affidavit (attached to Sabadell's Exhibit A) is replete with opinions not previously advanced in Dr. Sabadell's expert report.  Additionally, Dr. Sabadell, in that affidavit, relies upon a December, 2005 Affidavit and supporting documents from Plaintiff Ball, which were attached to summary judgment pleadings after the discovery period closed.  Accordingly, Versar is contemporaneously herewith filing a motion to strike the supporting Affidavit of Dr. Sabadell.

Plaintiffs offer Dr. Sabadell's March Affidavit, Exhibit A to their Motion, to challenge the admissibility of the opinions of Mr. Perry and Mr. Britton.  It is well settled under Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579 (1991) that district courts are obligated to prevent unreliable expert testimony from admission.  "This obligation, however, does not include determination of whether the expert opinions are correct; rather the court's obligation is to examine the reliability of the expert's methodology." Liquid Dynamics, 2004 WL 2260626, at *17.  Plaintiffs do not challenge the methodology of Messrs. Perry and Britton.  Rather, they challenge the facts upon which they rely for their opinions and the application of the facts to those opinions.  The application of a facts to a reliable methodology goes to the evidence's

---

[1] It should be noted that Mr. Britton is also a potential fact witness at trial.  Therefore, it is assumed that Plaintiffs only wish to bar his expert testimony.

probative value, not to its admissibility. See Quiet Tech DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1343-46 (11th Cir. 2003). Challenges addressing flaws in the expert's application of a reliable methodology should be raised on cross-examination. Liquid Dynamics *at* \*17, citing Daubert.

### B.  Misguided Grounds for the Motion

Plaintiffs mistakenly allege that the opinions of Mr. Perry and Mr. Britton are unreliable because they ignore data, rely upon false factual assumptions and provide mere speculation. The attached Affidavits of Mr. Perry[2] and Mr. Britton[3], restate that they reviewed all relevant data before drawing their conclusions. Whether or not Plaintiffs agree with these conclusions is not a matter to be addressed before the court at this time. The "soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact." Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir.2000). See also Leclercq v. Lockformer Co., Case No. 00-C-7164, 2005 WL 1162979, \*2 (N.D.Ill., Apr. 28, 2005).

Plaintiffs do not assert that Mr. Perry and Mr. Britton have no supporting facts at all. They assert, at page 2 of their Memorandum, that the two experts "cherry picked" data supporting their position. Plaintiffs also do not assert that Mr. Britton and Mr. Perry are not properly qualified in the relevant field of expertise. Finally, Plaintiffs do not assert that the expected testimony is unrelated to the issues, is irrelevant or inadmissible.

The attached affidavits of Mr. Perry and Mr. Britton respond directly to Dr. Sabadell's concerns. The affidavits point out that in some cases, Dr. Sabadell incorrectly interpreted

---

[2] Attached hereto as Exhibit "B".
[3] Attached hereto as Exhibit "C".

statements made by the individuals. In other cases, Dr. Sabadell made certain assumptions regarding the statements that were incorrect.

The technical arguments advanced by plaintiffs appear to fit into several categories. A summary of the categories is as follows:

    1.    Presence Of Product In T-2

Dr. Sabadell discusses his perception of expert reports of Mr. Perry and Mr. Britton regarding the presence of dense non-aquous phase liquids ("DNAPL") at the site. First, he perceives an incorrect conclusion in the experts' discussion of the depth of the well screen in a well named "T-2". As reflected in both of the attached affidavits, Mr. Britton (Exhibit "B") and Mr. Perry (Exhibit "C") have considered the fact that the T-2 well had a screen allowing materials to migrate into the well at a depth above and below the area defined as in the zone of influence pursuant to Amendment No. 2 to the contract between the parties. See Perry Aff., paragraph 1; Britton Aff., paragraph 48. It is not disputed that the T-2 well contained product at one point. As can be seen in both of the attached affidavits, Versar experts have opined that the most likely entrance area for that product or DNAPL is the sand seams well below the contractual zone of influence. See Perry Aff., paragraph 1; Britton Aff., paragraph 4-7.

Next, Sabadell attacks both experts' conclusions regarding presence of product and DNAPL saying that there was no DNAPL identified during construction activities at the site. Mr. Perry addresses that issue in paragraph 1 of his affidavit at Exhibit "C" by discussing how it is not easy to observe DNAPL and that no records reflect any attempts by plaintiffs in this case to locate any DNAPL during the construction work on site. Next, at page 7 of their Memorandum, plaintiffs say that FLUTe samples and PID readings cannot be used to reflect concentrations of specific compounds. At paragraph 6 of the Britton Affidavit and paragraph 2

of the Perry Affidavit, both experts make it clear that they do not believe a conclusive number representing site concentration can be discerned by either of these methods, however, the information does provide important information regarding site conditions. It is doubtful that Dr. Sabadell would disagree with this notion.

      2.      Hydraulic Connections

As extensively reflected in Versar's Motion to Strike Affidavit, Versar objects to any characterizations by Dr. Sabadell of what is shown at the site regarding a hydraulic connection. Nevertheless, both Mr. Perry and Mr. Britton have provided further information in the attached Affidavits addressing the issue. Mr. Britton acknowledges that early models he prepared were slightly inaccurate and, at paragraph 8 of his Affidavit, he notes that he reviewed the model and reaffirms his earlier position in his Report.

Dr. Sabadell then claims that Mr. Perry's expert report states that there is a hydraulic connection with an upward recontamination from groundwater at the ECC Site. He states that this contradicts Mr. Britton's finding of a downward potential. Both experts have dealt with this in the attached Affidavits. Dr. Sabadell did not understand that Mr. Perry was referring to groundwater movement during the operation of a vacuum soil vapor extraction system designed to pull contamination upward. See Perry Aff., paragraph 5; Britton Aff., paragraph 9.

### III. CONCLUSION

Plaintiffs have provided us with their intended cross-examination of Mr. Perry and Mr. Britton, in an attempt to bar testimony from those individuals. However, Plaintiffs' motion is just that, cross-examination geared to the weight, not admissibility of the evidence, and thus is not proper grounds for exclusion on a motion in limine. Dr. Sabadell did not attack the methodology used by either of Versar's experts. For example, Mr. Britton used a model to

7

graphically demonstrate interconnection geographic layers at the site. There has been no attempt to discredit that model.

Instead, Dr. Sabadell has read much into the expert reports of Versar's experts which does not exist. Accordingly, Plaintiffs can attempt to use this information in cross-examination at trial. However, pursuant to the rulings in Daubert and its progeny, this is not a grounds for disqualification of these experts. Accordingly, Plaintiffs' Motion should be denied.[4]

    Respectfully submitted,

    LOCKE REYNOLDS LLP

    By: */s/ Dean R. Brackenridge*
        Dean R. Brackenridge, #18543-49

        Philip L. Hinerman
        Sharon Oras Morgan
        FOX ROTHSCHILD LLP
        Attorneys for Defendant Versar, Inc.

---

[4] Versar incorporates by reference as if fully set forth herein its Memorandum of Law in Support of its Motion to Strike Affidavit of Gabriel P. Sabadeld, and all exhibits thereto.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Thomas A. Barnard
Sommer & Barnard, P.C.
111 Monument Circle, Suite 4000
Indianapolis, IN 46204

Frederick D. Emhardt
George M. Plews
Plews Shadley Racher & Braun
1346 North Delaware Street
Indianapolis, IN  46202-2415

Cory S. Brundage
Cory Brundage, LLC
One American Tower
One American Square, Suite 1700
Indianapolis, IN 46282-0003

Norman B. Berger
Varga Berger Ledsky Hayes & Casey
224 S. Michigan Avenue
Suite 350
Chicago, IL 60604

Alan H. Goldstein
Curtis W. McCauley
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0002

*/s/ Dean R. Brackenridge*

LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900

FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103
215-299-2066

685802_1